**James PATTERSON, Plaintiff,**

v.

**AVIS RENT A CAR SYSTEMS, INC., et al., Defendants.**

**No. 12–CV–08146 (JPO)(SN).**

United States District Court,
S.D. New York.

Signed July 18, 2014.

Andrew Warren Bokar, Greenstein & Milbauer, LLP, New York, NY, for Plaintiff.

Michael V. Sclafani, Reardon & Sclafani, P.C., Tarrytown, NY, for Defendants.

**ORDER**

SARAH NETBURN, United States Magistrate Judge.

Following letters submitted by the parties pursuant to Local Civil Rule 37.2 requesting a pre-motion conference, on July 7, 2014, the Court held that plaintiff's designated expert, who is also his treating physician, was entitled to be compensated by his "reasonable fee," pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). Defendants objected, arguing that they had not had an opportunity to be heard. Accordingly, the Court granted either party until July 14, 2014 to submit further arguments on the appropriate rate of com-

pensation to be paid to plaintiff's expert by defendants for the time spent at his deposition. The Court assumes the parties familiarity with the facts.

Defendants urge the Court to follow Judge Henry B. Pitman in his decision in *Zanowic v. Ashcroft,* 97 Civ. 5292(JGK)(HBP), 2002 WL 826878 (S.D.N.Y. Apr. 30, 2002). In that case, Judge Pitman concluded that the plaintiff's treating physician, who had not be designated under the Federal Rules as an expert witness, was not entitled to a fee beyond the statutory witness rate of $40 per day. 28 U.S.C. § 1821. Judge Pitman reasoned that this treating physician was testifying only as a fact witness and that his heightened professional status alone should not justify a higher compensation rate than any other witness called to testify.

This case is different. The plaintiff has designated his treating physician as an expert, has offered an expert report and has represented to the Court that Dr. Merola was compensated $1,200 for preparing his expert report. Dr. Merola has all the indicia of an expert witness, and the Court will not inquire into possible ulterior motives for this designation. To be clear, however, the Court's conclusion that Dr. Merola is entitled to be compensated at his reasonable fee is because of his formal designation as an expert, and the plaintiff's compliance with Rule 26 expert disclosures. The Court does not understand this case to present the question of whether a treating physician is *per se* an expert witness.

Accordingly, defendants must compensate Dr. Merola at the hourly rate of $650 for time spent at his deposition.

**SO ORDERED.**